UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JALEESA DAVIS and DEANDRE EVANS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )  Case No.: |
| WILDWOOD PLACE APARTMENTS and BRAD PEPPLE, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against Defendants, the owners, managers, and operators of the Wildwood Place Apartment Complex ("Wildwood") – a community located at 3431 Portage Blvd, Fort Wayne, Indiana 46802 - for discriminating against Plaintiffs on the basis of Familial Status in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

### II.   JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. §1391 in that the claims alleged herein arose in Allen County, Indiana.

### III.     PARTIES

**Jaleesa Davis, and Deandre Evans**

4. Plaintiffs Jaleesa Davis, and Deandre Evans are boyfriend and girlfriend. At the time they filled out their application for tenancy at Wildwood, Jaleesa was pregnant with their unborn child. Jaleesa also had a seven (7) year old daughter who was living with them.

**Defendants**

5. Upon information and belief, Brad Pepple ("Pepple") is the owner of the apartment complex located at 3431 Portage Blvd, Fort Wayne, Indiana 46802.

6. Upon information and belief, Pepple makes the housing decisions with respect to who is or is not eligible to live at Wildwood.

7. Pepple was the owner at Wildwood during the times relevant to Plaintiffs' Complaint. Pepple as Owner and Manager of the Wildwood property was involved in the day-to-day management of the community and was acting within the scope of his employment making leasing decisions and management decisions on behalf of his companies in the operation and maintenance of Wildwood.

### IV.     LEGAL FRAMEWORK
### A.     FEDERAL LAW

8. The Fair Housing Act, 42 U.S.C. §3604 (b), provides that it is unlawful to discriminate against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, <u>familial status</u>, disability, or national origin." (Emphasis added)

9. Plaintiffs allege that Defendants have violated 42 U.S.C. §3604 (b) by discriminating against tenants in the provision of services or facilities in connection with the rental of

dwellings because of tenants' familial status including but not limited to creating and maintaining a hostile environment.

10. The Fair Housing Act, 42 U.S.C. §3604 (c), prohibits the landlord from making, or causing to be made, any statement "with respect to the sale, or rental of a dwelling that indicates any preference, limitation, or discrimination based on … familial status…, or an intention to make any such preference, limitation, or discrimination."

11. Plaintiffs allege that Defendants violated 42 U.S.C. §3604(c) by making statements with respect to the rental of dwellings that indicated preference, limitation or discrimination based on tenants' … familial status… or an intention to make such a preference, limitation, or discrimination.

12. The Fair Housing Act, 42 U.S.C. §3617, prohibits the landlord from coercing, intimidating, threatening, or interfering "with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in exercise or enjoyment of, any right granted or protected by §3603, 3604, 3605, or 3606 of this title."

13. Plaintiffs allege that Defendants have violated 42 U.S.C. §3617 by coercing, intimidating, threatening, or interfering with tenants, "in the exercise or enjoyment of, or on account of [their] having exercised or enjoyed,…any right granted or protected by §3603, 3604, 3605, or 3606 of this title.

14. Plaintiffs allege that Defendants have discriminated against tenants under 42 U.S.C. §3604(f)(3) (B) by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a family with children the equal opportunity to use and enjoy a dwelling.

15. The apartments offered for rent at Wildwood constitute dwellings within the meaning of the federal Fair Housing Act, 42 U.S.C §3602(b).

## V. STATEMENT OF FACTS

16. Plaintiffs, Jaleesa Davis filled out an application for housing at Wildwood on May 24, 2019. An employee named "Deb" took Jaleesa's application and told her that she probably would not be approved because babies are not welcome at Wildwood. Deb also stated that babies were loud and Wildwood tends to receive complaints if babies are permitted to live on the property.

17. Wildwood employee, Deb, took Jaleesa's application and told her it would take 5-7 business days to get approved. Two weeks after filling out the application for housing, Deb called Jaleesa to tell her that her application had been denied, but she did not give a reason for the denial.

18. On September 9, 2019, Jaleesa filed a Charge of Discrimination with the Fort Wayne Metropolitan Human Rights Commission, Case No. HU-0016-A20.

19. The Fort Wayne Metropolitan Human Rights Commission investigated the allegations, and on December 13, 2019, issued a Notification of Reasonable Cause Finding.

## VI. CLAIMS
### A. FIRST CLAIM FOR RELIEF
[Fair Housing Act, 42 U.S.C. § 3601 *et seq*]

20. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

21. Defendants have injured Plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

## B.  SECOND CLAIM FOR RELIEF – HARRASSMENT – HOSTILE ENVIRONMENT

22. Plaintiff's reallege and incorporate by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

23. Defendants engaged in acts directed at Plaintiffs which seriously alarmed, annoyed and harassed Plaintiffs in which there is no legitimate purpose.

24. Defendants' course of conduct would have caused any reasonable person to suffer substantial emotional distress.

25. Plaintiffs suffered and continue to suffer substantial emotional distress because of Defendants' actions as set forth above.

26. Defendants did the acts alleged herein maliciously, oppressively, and with the intention of hurting Plaintiffs, and with an improper and evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages in an amount according to proof.

## C.  THIRD CLAIM FOR RELIEF
[Negligence]

27. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

28. Defendants owe Plaintiffs a duty to operate Wildwood in a manner that was free from unlawful discrimination and in accordance with the standards of care for the industry. Defendants negligently violated that duty.  Defendants' breach of that duty was a result of negligence, including but not limited to: a) Defendants' negligent failure to train the employees and themselves regarding the requirements of state and federal fair housing laws; b) Defendants' negligence in failure to hire persons who were familiar with the

requirements of state and federal fair housing laws; and, c) Defendants negligent failure to operate Wildwood in accordance with the standard of care in the industry.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a permanent injunction prohibiting Defendants from continuing all unlawful practices complained about herein and imposing affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all other persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of national origin, race, color, disability, or familial status.

2. For a judicial declaration that Defendants discriminated against Plaintiffs on the basis of disability.

3. For an award of compensatory, statutory, and punitive damages according to proof.

4. For reasonable attorney's fees and costs.

5. For such other and further relief as this court deems proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiffs*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
72-039

## VIII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiffs*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F: 317/574-3095
cclark@goodinabernathy.com
72-039