UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JALEESA DAVIS and DEANDRE EVANS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No.: 1:20-cv-123 ) |
| WILDWOOD INVESTMENT PROPERTIES, LLC and BRAD PEPPLE, | ) ) ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Come now Defendants, Wildwood Investment Properties, LLC and Brad Pepple, by counsel, and for its Answer to Plaintiffs' First Amended Complaint, states as follows:

### I.   INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against Defendants, the owners, managers, and operators of the Wildwood Place Apartment Complex ("Wildwood") – a community located at 3431 Portage Blvd, Fort Wayne, Indiana 46802 - for discriminating against Plaintiff on the basis of Familial Status in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

   **Rhetorical paragraph 1 of Plaintiffs' First Amended Complaint only describes the Plaintiff's legal action and does not make any specific allegations against said Defendants.  To the extent any allegations are made against said Defendants, said Defendants deny same.**

### II.   JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims

alleged herein arise under the laws of the United States. The Court also has jurisdiction pursuant to 42 U.S.C. §3613(a).

**Defendants admit the material allegations contained in rhetorical paragraph 2 of Plaintiffs' First Amended Complaint.**

3. Venue is proper pursuant to 28 U.S.C. §1391 in that the claims alleged herein arose in Allen County, Indiana.

**Defendants admit the material allegations contained in rhetorical paragraph 3 of Plaintiffs' First Amended Complaint.**

### III.   PARTIES

**Jaleesa Davis and Deandre Evans**

4. Plaintiffs Jaleesa Davis, and Deandre Evans are boyfriend and girlfriend and live together as a family. At the time they filled out their application for tenancy at Wildwood, Jaleesa was pregnant with their unborn child. Jaleesa also had a seven (7) year old daughter who was living with them.

**Defendants are without information sufficient to allow them to admit or deny the material allegations contained in rhetorical paragraph 4 of Plaintiffs' First Amended Complaint.**

**Defendants**

5. Upon information and belief, Brad Pepple ("Pepple") is the owner of Wildwood Investment Properties, LLC, which does business as Wildwood Place Apartments, located at 3431 Portage Blvd, Fort Wayne, Indiana 46802.

**Defendants admit the material allegations contained in rhetorical paragraph 5**

2

of Plaintiffs' First Amended Complaint.

6. Upon information and belief, Pepple makes or is responsible for the management and housing decisions with respect to who is or is not eligible to live at Wildwood. **As pertains to rhetorical paragraph 6 of Plaintiffs' First Amended Complaint, said Defendants admit only that Pepple is part of a team that makes housing decisions with respect to Wildwood. Said Defendants deny any and all remaining allegations and inferences contained in said rhetorical paragraph.**

7. Pepple was the owner at Wildwood during the times relevant to Plaintiffs' Complaint. Pepple as Owner and Manager of the Wildwood property was involved in the day-to-day management of the community and was acting within the scope of his employment making leasing decisions and management decisions on behalf of his companies in the operation and maintenance of Wildwood. **As pertains to rhetorical paragraph 7 of Plaintiffs' First Amended Complaint, said Defendants admit that Pepple was the owner of Wildwood during all relevant times.   Said Defendants further admit that Pepple was part of a team that makes housing decisions with respect to Wildwood. Said Defendants deny any and all remaining allegations and inferences contained in said rhetorical paragraph.**

### III.   LEGAL FRAMEWORK
### A.   FEDERAL LAW

8. The Fair Housing Act, 42 U.S.C. §3604 (a), provides that it is unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of . . . familial status….."

**Said rhetorical paragraph contains no allegations or inferences against said Defendants and, instead, merely restates the sections of the Fair Housing Act statute. To the extent that said rhetorical paragraph contains allegations and/inferences against said Defendants, said Defendants deny same.**

9. Plaintiffs allege that Defendants have violated 42 U.S.C. §3604 (a) by refusing to rent or to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to Plaintiffs because of their familial status.

   **Defendants deny the material allegations contained in rhetorical paragraph 9 of Plaintiffs' First Amended Complaint.**

10. The Fair Housing Act, 42 U.S.C. §3604 (b), provides that it is unlawful to discriminate against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status.

    **Said rhetorical paragraph contains no allegations or inferences against said Defendants and, instead, merely restates the sections of the Fair Housing Act statute. To the extent that said rhetorical paragraph contains allegations and/inferences against said Defendants, said Defendants deny same.**

11. Plaintiff alleges that Defendants have violated 42 U.S.C. §3604 (b) by discriminating against Plaintiff and other prospective tenants in the provision of services or facilities in connection with the rental of dwellings because of familial status.

    **Defendants deny the material allegations contained in rhetorical paragraph 11 of Plaintiffs' First Amended Complaint.**

12. The Fair Housing Act, 42 U.S.C. §3604 (c), prohibits the landlord from making, or

causing to be made, any statement "with respect to the sale, or rental of a dwelling that indicates any preference, limitation, or discrimination based on … familial status…, or an intention to make any such preference, limitation, or discrimination."

**Said rhetorical paragraph contains no allegations or inferences against said Defendants and, instead, merely restates the sections of the Fair Housing Act statute. To the extent that said rhetorical paragraph contains allegations and/inferences against said Defendants, said Defendants deny same.**

13. Plaintiff alleges that Defendants violated 42 U.S.C. §3604(c) by making statements to Plaintiff with respect to the rental of dwellings that indicated preference, limitation or discrimination based on Plaintiff's or tenants' … familial status… or an intention to make such a preference, limitation, or discrimination.

**Defendants deny the material allegations contained in rhetorical paragraph 13 of Plaintiffs' First Amended Complaint.**

14. The apartments offered for rent at Wildwood constitute dwellings within the meaning of the federal Fair Housing Act, 42 U.S.C §3602(b).

**Defendants admit the material allegations contained in rhetorical paragraph 14 of Plaintiffs' First Amended Complaint.**

## IV.   STATEMENT OF FACTS

15. Plaintiff, Billy Green, attempted to submit an application for housing at Wildwood on August 15, 2019. While submitting his application, Green told an employee and agent of Defendants named Monica Roberts that his 3 children, ages 11, 8, and 6, visit with him every other weekend. Monica told Green that the apartments were "not equipped for children," and she refused to accept his application until she spoke with

the owner, Defendant Brad Pepple. On August 19, 2019, Green received a call from Wildwood employee and agent, Debra Wagner, advising him that she was not going to process his application, "because of the children situation." Plaintiff was told that the owner (Defendant Pepple) did not want kids tearing up things inside the apartment and outside on the grounds. A note on Green's application stated, "Too many kids."

**Defendants deny the material allegations contained in rhetorical paragraph 15 of Plaintiffs' First Amended Complaint.**

16. Wildwood employee and agent, Deb, took Jaleesa's application and told her it would take 5-7 business days to get approved. Thereafter Plaintiff Deandre Evans spoke with Defendants' employee and agent, who continued to inquire about Plaintiffs' children and express her belief that Plaintiffs would not be approved because of the children. Two weeks after filling out the application for housing, Deb called Jaleesa to tell her that her application had been denied, but she did not give a reason at that time for the denial. Upon information and belief, the reason for the denial was because of Plaintiffs' pregnancy and the presence of children in the household.
**Said Defendants admit that Fort Wayne Metropolitan Human Right Commission investigated the allegations and issued findings, which speak for themselves. Said Defendants deny any other remaining allegations and inferences contained in said rhetorical paragraph.**

17. On September 9, 2019, Jaleesa filed a Charge of Discrimination with the Fort Wayne Metropolitan Human Rights Commission, Case No. HU-0016-A20.
**Defendants admit the material allegations contained in rhetorical paragraph 17of**

**Plaintiffs' First Amended Complaint.**

18. The Fort Wayne Metropolitan Human Rights Commission investigated the allegations, and on December 13, 2019, issued a Notification of Reasonable Cause Finding. During the Commission's investigation, Defendant Pepple made several discriminatory statements about the presence of children in his dwelling units and about his differing treatment of tenants based on the number and ages of children in the household. He admitted telling potential tenants that they needed to go somewhere else more suitable for their children.

   **Said Defendants admit that Fort Wayne Metropolitan Human Right Commission investigated the allegations and issued findings, which speak for themselves. Said Defendants deny any other remaining allegations and inferences contained in said rhetorical paragraph.**

## VI.   CLAIMS
### A.   FIRST CLAIM FOR RELIEF
[Fair Housing Act, 42 U.S.C. § 3601 *et seq*]

19. Plaintiff realleges and incorporates by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

    **Rhetorical paragraph 19 of Plaintiffs' First Amended Complaint makes no allegations and/or inferences against said Defendants.   To the extent there are allegations and/or inferenced against said Defendants, said Defendants deny same.**

20. Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

    **Defendants deny the material allegations contained in rhetorical paragraph 20**

of Plaintiffs' First Amended Complaint.

21. Specifically, Defendants have violated the Fair Housing Act by refusing to rent to Plaintiff on the basis of familial status.

**Defendants deny the material allegations contained in rhetorical paragraph 21 of Plaintiffs' First Amended Complaint.**

22. Defendants did the acts alleged herein maliciously, oppressively, and with the intention of hurting Plaintiffs, and with an improper and evil motive amounting to malice. Defendants acted with reckless or callous indifference and disregard to the federally protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

**Defendants deny the material allegations contained in rhetorical paragraph 22 of Plaintiffs' First Amended Complaint.**

### B. SECOND CLAIM FOR RELIEF
### [Negligence]

23. Plaintiff realleges and incorporates by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

**Said rhetorical paragraph contains no allegations or inferences against said Defendants and, instead, merely restates the sections of the Fair Housing Act statute.   To the extent that said rhetorical paragraph contains allegations and/inferences against said Defendants, said Defendants deny same.**

24. Defendants owe Plaintiff a duty to operate Wildwood in a manner that was free from unlawful discrimination and in accordance with the standards of care for the industry. Defendants negligently violated that duty. Defendants' breach of that duty

was a result of negligence, including but not limited to: a) Defendants' negligent failure to train the employees and themselves regarding the requirements of state and federal fair housing laws; b) Defendants' negligence in failure to hire persons who were familiar with the requirements of state and federal fair housing laws; and, c) Defendants negligent failure to operate Wildwood in accordance with the standard of care in the industry.

**As pertains to rhetorical paragraph 24 of Plaintiffs' First Amended Complaint, said Defendants deny that they breached any duty owed to Plaintiff, and said Defendants deny any remaining allegations and inferences contained in said rhetorical paragraph.**

WHEREFORE, Defendants, Wildwood Investment Properties, LLC and Brad Pepple, by counsel, pray that Plaintiffs take nothing by way of their First Amended Complaint, for the costs, and for other relief proper in the premises.

## AFFIRMATIVE DEFENSES

Come Defendants, Wildwood Investment Properties, LLC and Brad Pepple, by counsel, and for their additional paragraph of defense to Plaintiffs' First Amended Complaint, state as follows:

1. **Plaintiffs have failed to state a claim against Wildwood Investment Properties, LLC upon which relief can be granted.**
2. **Plaintiffs have failed to state a claim against Brad Pepple upon which relief can be granted.**
3. **Plaintiffs' claim may be barred, in whole or in part, because Plaintiffs lack standing.**
4. **Plaintiffs' claim is barred, in whole or in part, because Plaintiffs have suffered no**

   injury in the fact.

5. Plaintiffs' claim is barred, in whole or in part, because said Defendants have substantially complied with all applicable Fair Housing Act requirements.

6. Plaintiffs' claim is barred, in whole or in part, by the doctrine of unclean hands.

7. Plaintiffs' claim is barred, in whole or in part, by the doctrine of estoppel.

8. Plaintiffs' claim is barred, in whole or in part, by the doctrine of waiver.

9. Plaintiffs are not entitled to recover attorneys' fees because Plaintiffs have failed to satisfy the necessary elements to prevail on the claim for attorneys' fees under the Fair Housing Act. Alternatively, to the extent that Plaintiffs are entitled to recover attorneys' fees or costs, such fees and costs are barred to the extent that they were not reasonably incurred or were incurred at an excessive rate.

10. The damages for which Plaintiffs seek recovery were caused in whole or in part by the comparative fault of Plaintiff, Jalessa Davis.

11. The damages for which Plaintiffs seek recovery were caused in whole or in part by the comparative fault of Plaintiff, Deandre Evans.

12. Plaintiffs may have failed to mitigate their damages.

13. Plaintiffs' claim fails because Plaintiffs did not exhaust all administrative remedies before filing this lawsuit.

14. Said Defendants expressly reserve the right to assert additional defenses as they become known throughout the course of discovery in this action.

   WHEREFORE, Defendants, Wildwood Investment Properties, LLC and Brad Pepple, by counsel, pray that Plaintiffs take nothing by way of their First Amended Complaint, for the costs, and for other relief proper in the premises.

Respectfully submitted,

DUE DOYLE FANNING & ALDERFER, LLP


By: */s/ Scott E. Andres*
Scott E. Andres, Atty. No. 25261-49
Christopher J. Appel, Atty. No. 30980-49

DUE DOYLE FANNING & ALDERFER, LLP
8440 Allison Pointe Blvd., Suite 350
Indianapolis, Indiana   46250-4380
(317) 635-7700
FAX (317) 638-5688
cappel@duedoyle.com

*Attorney for Defendants, Wildwood Investment Properties, LLC and Brad Pepple*

## **REQUEST FOR JURY TRIAL**

Defendants, Wildwood Investment Properties, LLC and Brad Pepple, hereby request a trial by jury.

Respectfully submitted,

DUE DOYLE FANNING & ALDERFER, LLP


By: */s/ Scott E. Andres*
Scott E. Andres, Atty. No. 25261-49
Christopher J. Appel, Atty. No. 30980-49

DUE DOYLE FANNING & ALDERFER, LLP
8440 Allison Pointe Blvd., Suite 350
Indianapolis, Indiana   46250-4380
(317) 635-7700
FAX (317) 638-5688
cappel@duedoyle.com

*Attorney for Defendants, Wildwood Investment Properties, LLC and Brad Pepple*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 19, 2020 a copy of the foregoing pleading was filed electronically.   Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

Christopher E. Clark
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
cclark@goodinabernathy.com

                                                  /s/Scott E. Andres
                                                  Scott E. Andres

DUE DOYLE FANNING & ALDERFER, LLP
8440 Allison Pointe Blvd., Suite 350
Indianapolis, Indiana 46250
(317) 635-7700